UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHNNY WADE JACKSON, JR., | : Case No. 3:11-cv-00205 |
| Plaintiff, | : Judge Timothy S. Black |
| vs. | : |
| NAPHCARE, INC. | : |
| Defendant. | : |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 4)**

This civil action is before the Court after being removed from the Court of Common Pleas of Clark County, Ohio. (Doc. 1). The case currently presents upon Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Doc. 4), Plaintiff's response in opposition (Doc. 5), and Defendant's reply (Doc. 6).

## I. FACTS ALLEGED BY THE PLAINTIFF

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to the Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Here, the Plaintiff alleges as follows:

Johnny Jackson ("Plaintiff") worked for Defendant NaphCare, Inc. ("NaphCare" or "Defendant") beginning in 2003 as an emergency medical technician. (Doc. 3 at ¶ 5).

Plaintiff claims he informed Defendant that one of Defendant's nurse practitioners, James See, provided medical care while under the influence of a narcotic in violation of O.R.C. § 4723.28 and provided others with narcotics in an illegal manner. (*Id.* at ¶¶ 6-7). Plaintiff filed a complaint with the Ohio Board of Nursing alleging the same on December 27, 2010. (*Id.* at ¶ 9). Plaintiff claims he reported Mr. See's actions because he believed that they constituted a criminal offense that likely would result in a hazard to public health or safety. (*Id.* at ¶ 15).

Plaintiff alleges that as a result of this "whistle-blowing," Defendant terminated his employment on April 20, 2011. Plaintiff claims his termination violated Ohio Revised Code §§ 4723.341 and 4113.52, because he was retaliated against for reporting actions of another employee. (*Id.* at ¶¶ 11, 12, 16). Plaintiff seeks loss of income, wages, and work benefits in excess of $25,000. (*Id.* at ¶¶ 13, 17). Additionally, Plaintiff demands reinstatement, fringe and seniority benefits, punitive damages, pre-judgment interest, and litigation expenses and attorney's fees. (*Id.* at ¶ 21(a)-(e)).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint – not to decide the merits of the case. Rule 12(b)(6) mandates dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff's ground for relief

must entail more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). That is, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

This action was brought pursuant to Ohio Revised Code §§ 4723.341 and 4113.52 (as well as common law). However, even when considering the allegations in the light most favorable to the Plaintiff, Plaintiff fails to provide any direct or inferential allegations sufficient to support the material elements necessary to sustain a claim under either statutory provision, and, consequently, Plaintiff fails to meet the threshold standard required by *Twombly* and *Iqbal*.

Ohio Revised Code § 4113.52 expressly imposes both an oral and written notification requirement. Under the Ohio Whistleblower Statute, a plaintiff must notify the employer orally and in writing in order to provide the employer an opportunity to correct the alleged negligence or malpractice. O.R.C. § 4113.52(A)(1)(a). Plaintiff did not comply with these requirements, and, instead, only alleges a vague assertion that he "informed" the Defendant without providing any details of this action. (Doc. 3 at ¶ 6). Plaintiff's failure to comply with the notice requirements of the Ohio Whistleblower Statute is fatal to his claim.

In a similar vein, while Ohio Revised Code § 4723.341 does provide immunity for employees who report incidents of malpractice or negligence to Ohio's board of nursing, a plaintiff nonetheless must first must blow the whistle and allege the statutory prerequisites established under O.R.C. § 4113.52. *See* O.R.C. § 4723.341(C).[1]

---

[1] "An individual who is ... dismissed in violation of division (B)(2) of this section **has the same** rights and **duties accorded an employee under sections 4113.52** and 4113.53 of the Revised Code." O.R.C. 4723.341(C) (emphasis supplied).

-4-

To avoid dismissal of his claims, Plaintiff cites the "Presumption of Meaningful Variation" to argue that although O.R.C. § 4113.53 has a notice requirement, § 4113.52, the statute the claim was filed under, does not. (Doc. 4 at 4-5). However, in examining the language of the statute, Plaintiff's argument is clearly irrelevant. O.R.C. § 4113.53 provides:

> Section 4113.52 of the Revised Code does not diminish or impair the rights of a person under a collective bargaining agreement, or permit disclosures that would diminish or impair the rights of any person to the continued protection of confidentiality of communications if a statute or common law provides such protection.

The statute does not concern employee notification, and, furthermore, it is not salient to the present action because Plaintiff has not alleged the presence of a collective bargaining agreement.

Most fundamentally, Plaintiff's interpretation would strip the statute of being a whistleblower statute because it would not require that the employee "blow the whistle." Accordingly, Plaintiff's claims under both statutory provisions fail.

Plaintiff's remaining claim, under Ohio common law, also fails because it is predicated on the same statutory provisions. Since Plaintiff relies on O.R.C. § 4113.52 for his public policy claim, he must meet the statutory prerequisites, which he does not. *Davidson v. BP Am., Inc.*, 125 Ohio App. 3d 643, 649-51 (Ct. App. 1997) (holding that an accounting firm employee who was discharged for reporting criminal conduct to his employer could not maintain a claim for wrongful termination in violation of public policy where the policies relied on by the employee were embodied in the whistleblower

statute and the employee failed to comply with the statute).

Plaintiff's failure to give notice to the Defendant as required by the Ohio Revised Code is fatal to all of his claims.[2]

## IV. CONCLUSION

Accordingly, Defendant's motion to dismiss (Doc. 4) is **GRANTED**, and this case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

Date: 8/24/11

*Timothy S. Black*
Timothy S. Black
United States District Judge

---

[2] Permitting Plaintiff to amend the Complaint would be futile, because Plaintiff did not comply with the notice requirements and cannot remedy that threshold failure.